UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE HAROLD WILLIAMS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MISSOURI DEPARTMENT OF SOCIAL ) <br> SERVICES, CHILDREN'S DIVISION, ) <br> ) <br> Defendant. ) | Case No. 4:25-cv-00685-SRC |

**Memorandum and Order**

George Harold Williams, Jr., a self-represented litigant, sues the Missouri Department of Social Services for alleged violations of his parental rights under the Fourteenth Amendment. Doc. 1 at 2–3 (The Court cites to page numbers as assigned by CM/ECF.). Williams moves for leave to proceed *in forma pauperis*, doc. 3, and for appointment of counsel, doc. 2. The Court grants Williams's motion to proceed *in forma pauperis* and waives prepayment of the filing fee. But for the reasons set forth below, the Court dismisses Williams's complaint under 28 U.S.C. § 1915(e)(2)(B) and denies his motion for appointment of counsel as moot.

**I.    Background**

Williams alleges that, for one year and four months, the Missouri Department of Social Services Children's Division failed to inform him of abuse and neglect affecting his children. Doc. 1 at 5. He identifies three calls to the Missouri Child Abuse and Neglect Hotline between February 2021 and November 2021, but he does not describe the nature of the calls or identify who made them. *Id*. On May 27, 2022, Williams received a letter stating that the Children's Division had removed his children from their mother's home and placed them in foster care. *Id*.

Williams claims that the actions of Children's Division caused him and his children emotional and mental distress. *Id*. He further alleges that those actions deprived him of his right to make decisions about his children's care and custody. *Id*. Williams seeks $20 million in damages, protection of his Fourteenth Amendment rights, and accountability for the Children's Division. *Id*. at 5–6.

**II.    Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam) and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume unalleged facts.  *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).  Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**III.   Discussion**

Parents have a protected liberty interest in the "care, custody, and control" of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000).  Under 42 U.S.C. § 1983, a plaintiff may assert a private cause of action against a person who, acting under color of state law, deprived him of that interest.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  But "the Children's Division of the Missouri Department of Social Services is not a 'person' for purposes of a lawsuit under § 1983."  *Vaughn v. Performance Labs, LLC*, No. 1:24-cv-00138-SNLJ, 2025 WL 1445357, at *4 (E.D. Mo. May 20, 2025) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.")).

Additionally, the Children's Division—a state agency—is immune from suit under the Eleventh Amendment.  *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*,

3

232 F.3d 942, 943 (8th Cir. 2000) (holding that the Missouri Department of Social Services is entitled to Eleventh-Amendment immunity). While waiver or congressional abrogation can overcome such immunity, *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985)), Williams alleges no such waiver or abrogation.

Immunity aside, Williams's allegations do not support a plausible claim under the Fourteenth Amendment. He asserts that the Children's Division failed to inform him of alleged abuse and neglect, *see* doc. 1 at 5, but he does not describe the alleged abuse or neglect or explain how the Division's conduct deprived him of his liberty interest. These bare assertions, without more, do not suffice. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679.

Therefore, Williams fails to state a claim for relief against the Children's Division, and the Court accordingly dismisses this action under 28 U.S.C. § 1915(e)(2)(B).

**IV.    Conclusion**

For these reasons, the Court grants Williams's [3] motion for leave to proceed *in forma pauperis*, but on section 1915 initial review, the Court dismisses this case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Court denies as moot Williams's [2] motion for appointment of counsel. A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 22nd day of October 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4